## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TEXAS MP3 TECHNOLOGIES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-52 |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant Apple's Motion to Stay Litigation Pending Completion of *Inter Partes* Reexamination (Dkt. # 59), and related briefing. After carefully considering the parties' written submissions, the defendant's Motion to Stay is DENIED for the reasons set forth in this opinion.

**I.  Background**

In its complaint filed on February 16, 2007, Plaintiff Texas MP3 Technologies, Ltd. ("Texas MP3") alleges that Apple Computer, Inc. ("Apple"), Samsung Electronics Co., Ltd. ("Samsung") and SanDisk Corp. ("SanDisk") infringe claims of U.S. Patent No. 7,065,417 ("the '417 patent"). The '417 patent is directed to a portable .mp3 music player with non-removable storage. No other patents are at issue.

Apple filed a request with the United States Patent and Trademark Office ("PTO") for an *inter partes* reexamination of all claims of the '417 patent on July 12, 2007. The court has since been advised that the PTO granted this request.

**II.     Discussion**

    **A.     Legal Standard**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D.Tex.2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F.Supp.2d at 662.

    **B.     Analysis**

        1.     <u>Undue Prejudice</u>

Apple argues that a stay would not unduly prejudice Texas MP3 because: (1) Texas MP3's costs will not be increased; and (2) Texas MP3 does not "make, sell, or otherwise deal in any products that compete with the accused Apple products," and monetary damages can adequately compensate for any delay. Defendant's Motion at 8-9.

In response, Texas MP3 argues that an *inter partes* reexamine could be pending at the PTO for up to three years.[1] Plaintiff's Response at 5. This, according to Texas MP3, would (1) unjustly

---

[1] Texas MP3 points out that the third-party requester, here Apple, would have the right to appeal the decision. Such an appeal could result in even longer delay. Apple, however, "only requests a stay until the Patent Office issues its final office action." Defendant's Reply at 2.

delay final resolution of this action, and (2) threaten "to prejudice Texas MP3's ability to fairly prosecute its patent-infringement action when the stay is finally lifted." *Id.* at 6.

The court agrees with Texas MP3 that a potential delay could cause prejudice. *See Biax Corp. v. Fujitsu Computer Systems Corp., et al.*, 2007 U.S. Dist. LEXIS 12973, at *4. This factor weighs against a stay.

2. Simplification of the Issues

Apple argues that it would be an "egregious waste to go forward on claims that are eventually cancelled or significantly narrowed." Defendant's Motion at 9. Also, the issues of claim construction could be clarified by the PTO during the course of the reexamination proceeding. *Id.*

In response, Texas MP3 argues that Apple is unlikely to succeed in cancelling or narrowing the claims. Plaintiff's Response at 7-10. Texas MP3 further argues that two of the three defendants in this action are not parties to the reexamination. *See* SanDisk's Response and Samsung's Response (Dkt ## 68 and 75, respectively). Thus, while Apple would be estopped in this action from making the same arguments made to the PTO, nothing would prevent Samsung or SanDisk from doing so. *See* 35 U.S.C. §315(c) (estopping only the third-party requester from later asserting the invalidity of the claims at issue in the reexamination).

The court agrees with Apple that it would be inefficient to litigate claims that are cancelled or narrowed during reexamination. Such a result, however, is speculative.[2] Because all of the defendants would not be estopped from rearguing the invalidity positions taken by Apple in the reexamination, it is unlikely that the issues of this case would be simplified by a stay. This factor

---

[2] The court is not addressing the merits of Apple's invalidity challenge, but rather noting that final disposition of any reexamination proceeding is unknown.

3

weighs against a stay.

      3.     <u>Stage of Proceedings</u>

The present motion was filed early in this case, as such, this factor supports a stay of the proceedings.

**III.   Conclusion**

Although one factor supports a stay, the interest in proceeding with this case outweighs any benefit from staying this case. As a result of considering the competing interests, the court DENIES Apple's Motion.

   SIGNED this 30th day of October, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE