IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TEXAS MP3 TECHNOLOGIES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-CV-052-CE |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SANDISK CORPORATION, and | § | |
| APPLE COMPUTER, INC., | § | |
| | § | |
| Defendants. | § | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and paragraph two of the Court's December 14, 2007 Discovery Order, Plaintiff Texas MP3 Technologies, Ltd. ("Plaintiff") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., SanDisk Corporation and Apple Inc. (collectively, "Defendants") jointly request that the Court enter a Protective Order. Exhibit A to this motion is the proposed Protective Order containing both the agreed-to provisions and the parties' alternative proposals for the issue on which the parties were unable to agree.

The disputed issue is whether Plaintiff will be allowed to submit Defendants' confidential discovery materials to the U.S. Patent and Trademark Office ("PTO") to support its nonobviousness arguments in reexaminations (pending or future) of the patent-in-suit. The disputed provision in the protective order is paragraph 1(c).[1] The parties submit below their respective arguments on this issue for resolution by the Court.

---

[1] The parties also dispute Paragraphs 1(a) and 6(a), but agree that their dispute with respect to Paragraphs 1(a) and 6(a) turn on the resolution of their dispute with respect to Paragraph 1(c). The parties therefore agree that if the Court adopts Plaintiff's proposal for Paragraph 1(c), it should also adopt Plaintiff's proposals for Paragraphs 1(a)

**Plaintiff's Argument in Support of Plaintiff's Proposal**

Plaintiff's request for the provisions in Paragraph 1(c) arises from Apple's filing for *inter partes* reexamination of all claims of the patent-in-suit under 35 U.S.C. § 103 in the United States Patent and Trademark Office (the "PTO").[2] Apple asserts that the claims of the patent are invalid because they are obvious. Importantly, Apple's reexamination claims are based solely on obviousness; Apple does not present any validity arguments based on anticipation.

To rebut Apple's obviousness contentions in this Court and in the PTO, Plaintiff must obtain and present evidence of non-obviousness. Plaintiff contemplates that much of the evidence needed to demonstrate secondary factors of non-obviousness will come from Defendants in discovery and will be marked by Defendants as Protected Material under the confidentiality designations upon which the parties have agreed in this Protective Order. Accordingly, Plaintiff seeks a provision in the Protective Order that would allow Plaintiff's outside attorneys in the reexamination to file any such material with the PTO, notwithstanding the material's confidentiality designation, except that Plaintiff does not seek to file in the PTO any technical materials properly labeled "Prosecution Bar," such as source code, system diagrams, engineering specifications, research and development materials and the like. Since Apple seeks to invalidate Plaintiff's patent in the PTO on obviousness grounds, Plaintiff should be able to defend its patent claims with evidence of non-obviousness it obtains from Apple and the other Defendants in this case, including evidence of commercial success (market share, sales volume, and revenue received), copying of Plaintiff's invention by Defendants, praise for the invention, and long-felt need for the invention.

---

and 6(a), and that if the Court adopts Defendants' proposal for Paragraph 1(c), it should adopt Defendants' proposals for Paragraphs 1(a) and 6(a). The complete text of the parties' respective proposals are set forth in Exhibit A.

[2] Apple sought a stay of this case based on Apple's having filed for reexamination (Dkt. No. 59), which was denied by the Court (Dkt. No. 92).

The Supreme Court recently instructed courts to analyze such evidence of non-obviousness (called secondary considerations of non-obviousness) when considering whether a patent is obvious. The Supreme Court explained that "*Graham* [*v. John Deere Co. of Kansas City*] set forth a broad inquiry and invited courts, where appropriate, **to look at any secondary considerations that would prove instructive.**" *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (2007) (emphasis added) (citing *Graham v. John Deere Co. of Kansas City* at 383 U.S. 1, 17 (1966). The Federal Circuit further held that it is error for the Patent and Trademark Office to fail to consider evidence of non-obviousness, including evidence of secondary considerations. *In re Sullivan*, 498 F.3d 1345, 1351-53 (Fed. Cir. 2007). In other words, the PTO needs the secondary considerations evidence—evidence Apple is seeing to hide from the PTO in the reexamination proceedings—to fully consider Apple's validity challenge.

Therefore, the Court should adopt a provision that allows all Protected Material, except technical material marked "Prosecution Bar," that is relevant to secondary considerations of nonobviousness to be disclosed to the PTO.

### Defendants' Argument in Support of Defendants' Proposal

Defendants' proposal adopts the standard protective order language included in this Court's Patent Local Rules, stating that those receiving protected information "shall keep it confidential and use it only for purposes of litigating the case." P.R. 2-2.

Plaintiff's proposal modifies this standard language to give it the right to publish Defendants' proprietary information. This is unheard of, and rightly so. Allowing a party to unilaterally make the opposing party's confidential information public defeats the fundamental purpose of a protective order.

Plaintiff's proposal gives them the right to submit Defendants' confidential and proprietary information to the Patent Office for use in any reexamination (pending or future) of the patent-in-suit. If Defendants' confidential information is submitted to the Patent Office as Texas MP3 proposes, it will become part of the public record—even if it is submitted "under seal."[3] In fact, the Patent Office itself specifically warned Texas MP3 in the pending reexamination that confidential material that supports patentability will "almost always" be entered into the public record:

> [Texas MP3's] petition references a proposed Protective Order that could render some information 'confidential' that may be presented as evidence of secondary considerations of non-obviousness. If any such information is presented at a later time and the information is found to be material to patentability, the information may be made of record (and therefore will be made public). Material which supports patentability will almost always be entered into the record. If the information is not found to be material to patentability, then the examiner will be able to discuss on the record why it is not material to patentability.[4]

Publishing Defendants' confidential material in the public records of the Patent Office could cause immense harm to Defendants. Defendants are unaware of *any* protective order that allows this. This Court has hundreds of patent cases. Many of them involve reexaminations. Yet as far as Defendants are aware, none of these cases includes a protective order that gives the plaintiff the right to submit a defendant's confidential information to the Patent Office for use in a reexamination proceeding. Indeed, Defendants' counsel specifically asked Plaintiff's counsel whether there was any precedent for a protective order that allowed submission of a defendants'

---

[3] MPEP § 724.02 allows a party to submit confidential information to the Patent Office under seal. However, unless that information is expunged under MPEP § 724.04, it becomes part of the public record. *See* 37 CFR §1.11(d); MPEP § 724.04. And any material that is "found to be important to a reasonable examiner" cannot be expunged. Since the very reason Texas MP3 seeks the right to submit Defendants' confidential information to the Patent Office is that it views that information as important to the pending reexamination, it is unlikely that anything submitted will be expunged.

[4] *See* Exhibit B at 3.

confidential material to the Patent Office for a reexamination proceeding, and Plaintiff was unable to provide any.

Plaintiff's proposal simply does not make sense. The Patent Office has made obviousness determinations for decades, issuing millions of patents and conducting thousands of reexaminations, without using confidential materials from accused infringers or other third parties. This court has managed dozens of patent litigations involving reexaminations without issuing a protective order that gives the plaintiff the right to submit a defendant's confidential information to the Patent Office. Plaintiff has not identified any facts or circumstances that make this case, or the related reexamination, dramatically different from all the other patent cases and reexaminations that were resolved without the type of protective order Plaintiff seeks here. In short, there is nothing close to sufficient cause to grant Plaintiff the right to publish Defendants' confidential information without their consent.

Accordingly, the Court should adopt Defendants' proposal and issue a protective order that uses standard protective order language, as reflected in the Patent Local Rule that requires those receiving protected information to "keep it confidential and use it only for purposes of litigating the case."

Date:   March 10, 2008                                              Respectfully submitted,

        /s/Mike McKool
Mike McKool, Jr.
*Lead Attorney*
Texas State Bar No. 13732100
**mmckool@mckoolsmith.com**
Robert M. Manley
Texas State Bar No. 00787955
**rmanley@mckoolsmith.com**
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
**sbaxter@mckoolsmith.com**
McKool Smith, P.C.
104 East Houston Street, Suite 300
P.O. Box 0
Marshall, Texas  75670
Telephone:  (903) 923-9000
Telecopier:  (903) 923-9099

T. Gordon White
Texas State Bar No. 21333000
**gwhite@mckoolsmith.com**
Gretchen K. Harting
Texas State Bar No. 24055979
**gharting@mckoolsmith.com**
John B. Campbell
Texas State Bar No. 24036314
**jcampbell@mckoolsmith.com**
McKool Smith, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
**rmparker@pbatyler.com**
Parker, Bunt & Ainsworth, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687

**ATTORNEYS FOR PLAINTFF
TEXAS MP3 TECHNOLOGIES, LTD.**


/s/Roger J. Fulghum (with permission)
Roger J. Fulghum
*Lead Attorney*
Texas State Bar No. 00790724
**roger.fulghum@bakerbotts.com**
BAKER BOTTS LLP
901 Louisiana Street
Houston, Texas  77002
Telephone:  (713) 229-1234
Telecopier:  (713-229-1522

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.,
and SAMSUNG ELECTRONICS
AMERICA, INC.**


/s/Mark Reiter (with permission)
Mark Reiter
*Lead Attorney*
State Bar No. 16759900
**mreiter@gibsondunn.com**
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Street, Suite 1100
Dallas, Texas  75201
Telephone:  (214) 698-3100
Telecopier:  (214) 698-3400

7

Thomas L. Giannetti
New York Attorney Reg. No. 1632819
**tlgiannetti@jonesday.com**
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Telecopier:  (212) 755-7306

**ATTORNEYS FOR DEFENDANT SANDISK CORPORATION**


/s/David J. Healey (with permission)
David J. Healey
*Lead Attorney*
Texas State Bar No. 09327980
**david.healey@weil.com**
WEIL, GOTSHAL & MANGES LLP
700 Louisiana St., Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Telecopier:  (713) 224-9511

Matthew D. Powers
**matthew.powers@weil.com**
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  (650) 802-3000
Telecopier:  (650) 802-3100

**ATTORNEYS FOR DEFENDANT APPLE INC.**

## **CERTIFICATE OF SERVICE**

On this the 10th day of March, 2008, I caused a copy of the above Motion to be served on all Counsel of Record who have consented to electronic service via the court's CM/ECF system.

/s/ John Campbell